# GROOM LAW GROUP

Hon. Denise Cote, U.S. District Judge
U.S. District Court, S.D.N.Y.
500 Pearl Street
New York, NY 10007

*[Handwritten: A response from DOL is due by June 24. /s/ Denise Cote 6/20/25]*

June 19, 2025

Re:   *Chavez-DeRemer v. Argent Trust Co.*, No. 1:24-cv-9809-DLC (S.D.N.Y.)

Dear Judge Cote:

Defendants write to request a pre-motion conference because the Department of Labor ("DOL") is improperly withholding documents Defendants require for a dispositive statute of limitations defense. Defendants have substantial need for just *10 documents* DOL logged as work product.[1]

Defendants should be permitted to review these documents to determine on what date ERISA's three-year limitations period began to run. *See* 29 U.S.C. § 1113(2) (prohibiting actions later than "three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation").[2] Defendants expect the 10 withheld documents from 2018 to reveal that DOL gained actual knowledge of at least some of the alleged breaches during that time, for two reasons. *First*, DOL's own privilege log states DOL anticipated bringing this lawsuit as early as *Feb. 27, 2018*. *See* Ex. A (privilege log excerpt claiming documents dated on or after February 27, 2018 were "prepared in anticipation of litigation"); Fed. R. Civ. P. 23(b)(3)(A). *Second*, DOL obtained core documents containing the details of the ESOP Transaction on July 11, 2018, which DOL used to create "analys[es] of the W BBQ Holdings ESOP transaction," which it now withholds. *See generally* Ex. A. Analyses based on core documents prepared in anticipation of litigation are highly likely to reveal that DOL had knowledge of the material facts necessary to bring its complaint more than 3 years before it did.[3]

Although DOL has withheld the documents as work product,[4] courts have found that defendants have a substantial need sufficient to overcome the work product protection where, as here, the

---

[1] The 10 documents are listed in Exhibit A at SOL-AT-PRIV-000001, SOL-AT-PRIV-000002, SOL-AT-PRIV-000004, SOL-AT-PRIV-000007, SOL-AT-PRIV-000008, SOL-AT-PRIV-000009, SOL-AT-PRIV-000013, SOL-AT-PRIV-000035, SOL-AT-PRIV-000038, and SOL-AT-PRIV-000042.

[2] To be clear, Defendants do not assert that *constructive* knowledge is sufficient to commence the three-year period. *See Intel Corp. Invest. Policy Comm'ee v. Sulyma*, 589 U.S. 178, 187 (2020) (holding that 29 U.S.C. § 1113(2) requires actual knowledge). Rather, they seek the documents in question to establish that DOL had *actual* knowledge in 2018.

[3] Although the parties eventually entered into tolling agreements, they did not do so until March 2021, more than 3 years after DOL anticipated bringing this suit, and the tolling agreements were not continuous until the date of filing.

[4] Defendants understand that DOL also intended to claim so-called deliberative process and law enforcement privileges. However, DOL's privilege log merely states the names of those privileges—never even attempting to support their elements. To qualify for the deliberative process privilege, "a document must be 'predecisional' and 'deliberative,'" and must protect "recommendations from a subordinate to a supervisor" regarding the "formulation of a new policy." *Nat'l Day Laborer Organizing Network v. U.S. Immigration & Customs Enforcement Agency*, 811 F. Supp. 2d 713, 735, 752 (S.D.N.Y. 2011). But DOL's privilege log does not identify any new policy decision under deliberation, nor the subordinate or supervisor involved in any recommendation. The law enforcement privilege protects "information pertaining to law enforcement techniques and procedures, information that would undermine the confidentiality of sources, information that would endanger witness and law enforcement personnel or the privacy of individuals involved in an investigation, and information that would otherwise interfere with an investigation." *In re the*

government is the sole source of information pertinent to a defendant's statute of limitations defense. *See, e.g., Solis v. Bruister*, Nos. 4:10-cv-77, 4:10-cv-95, 2012 WL 12829683, at *8 (S.D. Miss. Dec. 26, 2012) (permitting deposition of DOL investigator because statute of limitations information was not available elsewhere); *U.S. v. Sulzbach*, No. 07-61329-CIV, 2009 WL 10696304, at *4 (S.D. Fla. Feb. 11, 2009) ("When the government acts as plaintiff, as in this case, its attorneys alone possess information relevant to a statute of limitations defense.") (citing *State of NY v. Cedar Park Concrete Corp.*,130 F.R.D. 16, 24 (S.D.N.Y. 1990)). *See also* Fed. R. Civ. P. 26(b)(3)(A)(ii) (providing that work product "materials may be discovered if . . . the party shows that it has substantial need for the materials . . . .").[5]

DOL's blanket assertion of attorney-client privilege over almost all 10 challenged withheld documents cannot immunize them from the substantial need exception because DOL has not met its burden of demonstrating the attorney-client privilege applies. DOL's log does not identify any attorneys or any requests for legal advice with respect to any of the 10 documents. When pressed during conferrals, DOL represented that the withheld documents are attorney-client privileged because they were sent to the Solicitor's office. When reminded that funneling documents through an attorney does not make them privileged, *e.g., Dep't of Econ. Dev. v. Arthur Anderson & Co. (U.S.A.)*, 139 F.R.D. 295 (S.D.N.Y 1991), DOL responded with a blanket assertion that the documents were transmitted for the purpose of obtaining legal advice. However, DOL still has not identified ***any*** communication that contains or reflects legal advice or a request for it. To the extent the Court has any concern that production of the documents would reveal attorney-client legal advice, Defendants respectfully request *in camera* review of those materials.

The parties have thoroughly negotiated this dispute. Defendants acted promptly to raise it on April 26, just three days after receiving the first version of DOL's privilege log. The parties then exchanged at least 8 emails and held two conferences before negotiating to impasse.[6] Ultimately, DOL offered to submit a declaration that it did not have actual knowledge of its claims until 2020. Setting aside that the assertion encompasses inherent legal conclusions that Defendants may dispute, Defendants cannot simply take DOL's word for it—particularly where DOL's own privilege log shows it anticipated filing this lawsuit as early as February 2018. Defendants therefore request that the Court order production of the 10 documents from 2018 identified on DOL's privilege log.

---

*City of New York*, 607 F.3d 923, 944 (2d Cir. 2010) (internal citations and alterations omitted). Again, DOL's privilege log identifies no such information. During conferrals, Defendants invited DOL to revise its log if it believed it could carry its burden to sustain these protections, but DOL declined.

[5] Even if they had been properly supported, DOL's claims of "deliberative process" privilege and "law enforcement privilege" are similarly overcome by Defendants' substantial need. *See Scalia v. Int'l Longshore & Warehouse Union*, 336 F.R.D. 603, 610 (N.D. Cal. 2020); *Dellwood Farms, Inc. v. Cargill, Inc.*, 1218 F. 3d 1122, 1125 (7th Cir. 1997).

[6] Despite the ongoing negotiations, DOL has tried to avoid examination of its privilege claims by suggesting that the issue should have been brought to the Court ***before*** the May 2, 2025 document production deadline. But fact discovery does not close until August 29, and there is no deadline for discovery motions. Nor does that position makes sense: the Stipulated ESI Order (Dkt. 76) requires privilege logs to be served 21 days after a production, so raising disputes over privilege logs after the May 2 production deadline must be permissible. (Indeed, the *Lloyd* plaintiffs raised issues with Defendants' privilege log on May 2, and the parties spent much of May resolving those issues.) And there is no prejudice—the documents sought are relevant solely to DOL's actual knowledge, and DOL has not yet been deposed.

Respectfully,

*/s/ Sarah M. Adams*

GROOM LAW GROUP, CHARTERED
Lars C. Golumbic*
Mark C. Nielsen
Sarah M. Adams*
Andrew D. Salek-Raham*
Paul J. Rinefierd*
Benjamin J. Koenigsfeld*
Theodore A. Van Beek*
1701 Pennsylvania Avenue, NW, Suite 1200
Washington, D.C. 20006
(T) 202-857-0620
(F) 202-659-4503
lgolumbic@groom.com
mnielsen@groom.com
sadams@groom.com
asalek-raham@groom.com
prinefierd@groom.com
bkoenigsfeld@groom.com
tvanbeek@groom.com

*appearing pro hac vice*

cc: Counsel of Record (via Electronic Case Filing)

3