```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                          :
LORI CHAVEZ-DEREMER, Secretary, United    :   24cv9809 (DLC)
States Department of Labor,               :
                                          :   ORDER
                         Plaintiff,       :
                                          :
               -v-                        :
                                          :
ARGENT TRUST COMPANY et al.,              :
                                          :
                         Defendants.      :
                                          :
----------------------------------------- X
```

DENISE COTE, District Judge:

The Department of Labor ("DOL") alleges that the defendants violated their duties as fiduciaries of the W BBQ, Inc. employee stock ownership plan ("ESOP") under the Employee Retirement Income Securities Act ("ERISA"). Specifically, DOL contends that the defendants caused the ESOP to pay more than fair market value for stock in W BBQ Holdings, Inc. ("BBQ"), not having engaged in a good faith valuation of BBQ stock.

In a letter of June 19, 2025, the defendants seek ten documents that DOL has withheld as work product. The defendants do not dispute that the work product privilege applies.[1] The defendants argue, however, that they have a substantial need for the documents that overcomes the work product privilege, in

---

[1] The parties appear to disagree as to whether these documents are also protected by other privileges. It is unnecessary to determine whether that is the case.

order to determine on what date the applicable statute of limitations began to run. The defendants claim that DOL's privilege log reflects that it anticipated bringing this lawsuit as early as February 2018, and that the withheld documents are likely to reveal that DOL had actual knowledge of the alleged breaches at that time. In a responsive letter of June 24, DOL argues that while the documents at issue disclosed some material facts, they do not reflect actual knowledge of the alleged violations.

The ERISA statute of limitations at issue here provides that

> [n]o action may be commenced . . . with respect to a fiduciary's breach of any responsibility, duty, or obligation . . . [more than] three years after the earliest date on which the plaintiff had <u>actual knowledge</u> of the breach or violation[.]

29 U.S.C. § 1113 (emphasis supplied). In reference to this provision, the Supreme Court has explained that "to have 'actual knowledge' of a piece of information, one must in fact be aware of it." <u>Intel Corp. Inv. Pol'y Comm. v. Sulyma</u>, 589 U.S. 178, 184 (2020). The Second Circuit has further construed the "actual knowledge" requirement as follows:

> A plaintiff has actual knowledge of the breach or violation within the meaning of § 1113(2) when he has knowledge of all material facts necessary to understand that an ERISA fiduciary has breached his or her duty or otherwise violated the Act. The term actual knowledge is strictly construed and

2

> constructive knowledge will not suffice.  Actual
> knowledge, however, does not include knowledge of the
> underlying law.

Browe v. CTC Corp., 15 F.4th 175, 191 (2d Cir. 2021) (citation omitted).

The primary violation alleged in this action is a breach of ERISA's prohibition against transactions involving the "sale or exchange . . . of any property between the plan and a party in interest," including the "acquisition, on behalf of the plan, of any employer security." 29 U.S.C. § 1106(a)(1)(A), (E). An exception is made for sales for "adequate consideration," id. § 1108(e), which is defined as "the fair market value of the asset as determined in good faith by the trustee or named fiduciary." Id. § 1002(18)(B). To determine "fair market value," a fiduciary must be "well-informed about the asset and the market for that asset." Henry v. Champlain Enters., Inc., 445 F.3d 610, 619 (2d Cir. 2006). "Thus, in practice, the 'fair market value' inquiry overlaps considerably with the 'good faith' inquiry; both are expressly focused upon the conduct of the fiduciaries." Id. (citation omitted).

The privilege log entries for the documents at issue do not support an inference that DOL had actual knowledge of the alleged breaches in February 2018. Instead, the entries reflect that DOL was investigating the relevant events and collecting

3

evidence. That does not suggest actual knowledge of a legal violation of ERISA, which is "strictly construed." Browe, 15 F.4th at 191 (citation omitted). In particular, nothing in the entries suggests that, as of early 2018, DOL had "knowledge of all material facts necessary to understand" that the defendants had overpaid for BBQ stock or that the defendants had not engaged in a good faith evaluation. Id. (citation omitted). DOL credibly explains that it did not have actual knowledge before 2020, when it conducted preliminary estimates of how much the ESOP overpaid for BBQ stock and interviewed the defendants.

The defendants point to 2018 entries that refer to documents "prepared in anticipation of litigation." But that phrase only reflects that DOL was preparing for possible litigation. Likewise, entries indicating that DOL obtained details of the relevant ESOP transaction are consistent with the process of gathering evidence. These entries do not suggest that DOL had actual knowledge in 2018 that an ERISA violation had occurred. Accordingly, it is hereby

ORDERED that the defendants' June 19, 2025 letter motion is denied.

Dated:   New York, New York
         June 26, 2025

                                    _____
                                           DENISE COTE
                                    United States District Judge