# GROOM LAW GROUP

Hon. Denise Cote, U.S. District Judge
U.S. District Court, S.D.N.Y.
500 Pearl Street
New York, NY 10007

*Denied.*
*Denise Cote*
*August 14, 2025*

August 7, 2025

**Re:** *Chavez-DeRemer v. Argent Trust Co.*, No. 1:24-cv-9809-DLC (S.D.N.Y.)

Dear Judge Cote:

DOL refuses to designate a Rule 30(b)(6) witness to testify on a crucial, dispositive subject: when it had actual knowledge of its claims. Defendants respectfully request that the Court compel DOL's testimony on this and related topics or allow Defendants a hearing and/or more fulsome briefing.[1]

Section 413 of ERISA, 29 U.S.C. § 1113(2) prohibits actions brought more than three years after a plaintiff obtains "actual knowledge" "of all material facts necessary to understand that an ERISA fiduciary has breached his or her duty or otherwise violated the Act." Dkt. 53 at 2-3. Defendants have good reason to believe DOL had actual knowledge of its prohibited transaction claim against Argent, and perhaps certain other claims, more than three years before filing suit. Argent produced to DOL key transaction documents on July 11, 2018. The tolling agreement did not start until more than **2 years and 8 months** later, on March 31, 2021. In 2022, there was a **6-month gap** in tolling. DOL's claim rises and falls on when it read the documents in its possession.

This is because the applicable subsections of § 1106—(a)(1)(A) and (D)—create *per se* prohibitions on ESOP stock purchases. Though § 1108(e) contains an affirmative defense, DOL need not plead around it. Instead, DOL must simply "allege that a plan fiduciary engaged in a transaction proscribed therein, no more, no less." *Cunningham v. Cornell Univ.*, 145 S. Ct. 1020, 1032 (2025). Applying *Cunningham*, **DOL had actual knowledge of its § 1106 claims the moment it knew the ESOP purchased employer stock from the Wetanson Defendants**, which was plainly stated in documents produced in 2018. *See* Ex B (listing documents). And though DOL argued it could not have sued until it interviewed Defendants and reviewed its experts' analyses, Ex. D, that is wrong. While information from interviews and expert analyses may be relevant to § 1108(e)'s *affirmative defenses*, it is not relevant to DOL's ability to assert a § 1106 violation.[2]

Because the "actual knowledge" standard is "plainly not a constructive knowledge requirement," Defendants must prove that DOL knew of these documents in the "usual ways"—that is, through direct and circumstantial evidence obtained from deposition testimony. *Intel Corp. Inv. Pol'y Comm. v. Sulyma*, 589 U.S. 178, 189-90 (2020). A Rule 30(b)(6) deposition is the only tool Defendants have left to explore this critical issue. Defendants sought the key information through written discovery, but the best interrogatory answer DOL could provide is that, after a "reasonable inquiry," it had actual knowledge *no later than* September 20, 2022. Ex. H. Of course, Defendants must determine the *earliest*, not the latest, date on which DOL had actual knowledge. In light of

---

[1] The parties reached an impasse following good faith phone and e-mail conferrals.
[2] DOL's theory also leads to the absurd result that a plaintiff could never state a claim prior to discovery. It is notable that the *Lloyd* plaintiffs filed a 187-paragraph complaint one year and seven months before DOL without the subpoena power assigned to DOL by ERISA.

this deficiency, Defendants moved to compel DOL to produce documents regarding its knowledge that it withheld as privileged, but the Court denied Defendants' motion. *See* Dkt. 53. Finally, though Defendants noticed the deposition of one investigator, Defendants cannot depose each DOL employee to determine who reviewed which documents, when they reviewed them, and whether their investigatory role means that their knowledge is imputed to DOL; the operative scheduling order permits Defendants just three fact witness depositions. Dkt. 26 at 2.[3]

Defendants therefore served a Rule 30(b)(6) subpoena to DOL on July 11 noticing DOL's deposition for August 20. The subpoena contained 15 topics, most of which were targeted to understanding DOL's actual knowledge. Ex. B. Defendants have since withdrawn six topics and narrowed certain of the remainder. They fall into four categories.

Category 1 (Topics 6-8 and 10) seeks testimony regarding when DOL received a narrowly tailored, limited subset of documents containing "all material facts"; who within DOL reviewed them; and when they did so. DOL gestures at a burden objection, Ex. C, D, but offers no specifics—a fatal flaw. *E.g.*, *Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp.*, No. 19-cv-9193, 2023 WL 5498962, at *5 (S.D.N.Y. Aug. 25, 2023). And given the importance to Defendants' case—the testimony is the crux of Defendants' dispositive defense—any specific burden DOL ***could*** conjure would fall short of Rule 26's proportionality standard.[4]

Category 2 (Topics 1-5) asks DOL to describe its standard or usual processes for reviewing documents obtained during investigations. This request is a backstop: should DOL's corporate designee be unable to describe the who-what-when of Category 1, Defendants are entitled to prove through the "circumstantial evidence" of DOL's common processes that it nevertheless had actual knowledge of the documents. *Intel*, 589 U.S. at 189–90. DOL's relevance objections, Ex. C, D, are improper. *E.g.*, *Fashion Exch. LLC v. Hybrid Promotions, LLC*, 333 FRD 302, 307 (S.D.N.Y. 2019) (sanctioning party for refusing to answer questions in Rule 30(b)(6) deposition on relevance grounds and because questions were outside scope of Rule 30(b)(6) notice).

Category 3 (Topic 17) seeks DOL's positions regarding alleged valuation errors described in the Complaint and that are likely to form the basis of DOL's loss theory. DOL ultimately provided no meaningful objection and instead offered to submit a written response in lieu of testimony. Ex. F. But Defendants are entitled to a deposition, which is "preferable to written interrogatories," *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 n.2 (2d Cir. 2003) (Sotomayor, J.).

Category 4 (Topic 14) seeks testimony about DOL's "reasonable inquiry" to prepare its actual knowledge interrogatory responses. Defendants must explore this topic to understand whether DOL's interrogatory responses are deficient and therefore worthy of further motions practice.

"[B]ecause [DOL] did not designate its Rule 30(b)(6) witnesses" nor move for a protective order prior to this motion, *see Alli v. Steward-Bowden*, No. 11-cv-4952, 2013 WL 12621516, at *3 (S.D.N.Y. Oct. 1, 2013), Defendants respectfully request that the Court compel DOL's testimony on the above topics or grant Defendants a hearing and/or further briefing on the issue.

---

[3] In contrast, DOL and the *Lloyd* Plaintiffs have noticed 15 fact witness depositions.

[4] During conferrals, Defendants proposed that DOL could provide a list of DOL employees and their titles, which Defendants could use to more narrowly tailor the scope of their questioning and DOL's preparation. DOL declined.

2

                        Respectfully,

                        /s/ Andrew D. Salek-Raham
                        GROOM LAW GROUP, CHARTERED
                        Lars C. Golumbic*
                        Mark C. Nielsen
                        Sarah M. Adams*
                        Andrew D. Salek-Raham*
                        Paul J. Rinefierd*
                        Benjamin J. Koenigsfeld*
                        Theodore A. Van Beek*
                        1701 Pennsylvania Avenue, NW, Suite 1200
                        Washington, D.C. 20006
                        (T) 202-857-0620
                        (F) 202-659-4503
                        lgolumbic@groom.com
                        mnielsen@groom.com
                        sadams@groom.com
                        asalek-raham@groom.com
                        prinefierd@groom.com
                        bkoenigsfeld@groom.com
                        tvanbeek@groom.com

                        *appearing pro hac vice

cc:    Counsel of Record (via Electronic Case Filing)