UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LORI CHAVEZ-DEREMER,[1] Secretary, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>ARGENT TRUST COMPANY, HERBERT WETANSON, GREGOR WETANSON, and the W BBQ HOLDINGS, INC. EMPLOYEE STOCK OWNERSHIP PLAN,<br><br>Defendants. | Case No. 1:24-cv-9809-DLC-SDA |

## [PROPOSED] CONSENT ORDER AND JUDGMENT

Plaintiff Lori Chavez-DeRemer, Secretary of Labor (the "Secretary"), and Defendants Argent Trust Company ("Argent"), Herbert Wetanson, and Gregor Wetanson (together with Argent as "Defendants") have agreed to settle this civil action. Stuart Wetanson, the Gregor Wetanson 2015 Gift Trust and its trustees, the Herbert Wetanson 2015 Gift Trust and its trustees, and the BBQ Trust as severed from the Herbert Wetanson 2015 Gift Trust and its trustees (the "Additional Wetanson Parties") are not parties to this action but are providing consideration to settle this action and agree to be bound by this Consent Order and Judgment. The Secretary, Defendants, and the Additional Wetanson Parties (all together, the "Parties to the Judgment"), by and through their respective attorneys, have negotiated this agreement to settle the matters in controversy between them in this civil action, and each consents to the entry of this Consent Order and Judgment by the Court as the sole and complete memorialization of the terms of such agreement.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Secretary of Labor Lori Chavez-DeRemer has been automatically substituted as Plaintiff in this action.

1

**WHEREAS**, the Secretary's predecessor, Julie A. Su, acting in her official capacity, pursuant to her authority under Title I of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq., as amended, filed a Complaint in the above-captioned action (the "Action") against Defendants.[2] Argent, Herbert Wetanson, and Gregor Wetanson in connection with the transaction that closed on July 29, 2016 (the "Transaction") in which the W BBQ Holdings, Inc. Employee Stock Ownership Plan (the "Plan") bought shares of W BBQ Holdings, Inc. ("W BBQ").

**WHEREAS**, before filing the Action the United States Department of Labor had undertaken an audit of Argent (EBSA Case No. 99-000007(48)). The portion of the audit related solely to this Transaction is referred to herein as the "DOL W BBQ Investigation").

**WHEREAS**, in the Transaction, the Plan bought 400,000 shares of W BBQ stock (which represented 80% of the total outstanding shares) from Herbert Wetanson, Gregor Wetanson, Stuart Wetanson, and a fourth shareholder (Joseph Shpigel) for $92.0 million, the final amount of which was subject to a contractual post-Transaction working capital adjustment.

**WHEREAS**, the Plan's purchase of W BBQ stock was financed with $92.0 million of debt that the Plan issued to four selling shareholders ("Selling Shareholder Debt"). The Selling Shareholder Debt was memorialized in promissory notes issued to the four selling shareholders: the July 29, 2016 Seller Note in the amount of $43,562,000 to Herbert Wetanson, the July 29, 2016 Seller Note in the amount of $43,424,000 to Greg Wetanson, the July 29, 2016 Seller Note in the amount of $2,732,400 to Stuart Wetanson, the July 29, 2016 Seller Note in the amount of $2,281,600 to Joseph Shpigel ("Plan Seller Notes"). W BBQ later assumed the Plan's obligation

---

[2] The Secretary joined the W BBQ Holdings, Inc. Employee Stock Ownership Plan ("the Plan") under Federal Rule of Civil Procedure 19(a) solely as a necessary party to obtain full relief for the Plan. Dkt. 1, Compl. ¶ 29.

2

under the Plan Seller Notes, which were then each canceled, refinanced, and consolidated as the December 21, 2017 Refinanced (External) Company Note ("Refinanced Seller Note"). The current principal on the Refinanced Seller Note that W BBQ owes to Herbert Wetanson, Gregor Wetanson, and Stuart Wetanson is approximately $71,440,114.42.

**WHEREAS,** pursuant to the terms of the July 29, 2016 Redemption Agreement, five shareholders (Herbert Wetanson, Gregor Wetanson, Stuart Wetanson, the Herbert Wetanson 2015 Gift Trust, and the Gregor Wetanson 2015 Gift Trust) received "warrants to acquire 266,666 shares of Common Stock" in exchange for "100,000 shares of Common Stock," (the "Warrants").

**WHEREAS**, the Parties to the Judgment have agreed to resolve all matters in controversy between them on the terms and conditions hereafter set forth. The Parties to the Judgment stipulate and agree to the entry of this Consent Order and Judgment as a full and complete resolution of all of the claims, causes of action, and issues arising between them in this Action without adjudication of any issue of fact or law raised in the Secretary's Complaint in this Action.

**NOW THEREFORE**, in consideration of the mutual covenants set forth in this Consent Order and Judgment and other valuable and sufficient consideration, the Parties to the Judgment have agreed as herein stated. Accordingly, it is **ORDERED, ADJUDGED, AND DECREED** that:

**I.    JURISDICTION**

The Court has subject-matter jurisdiction over this Action. The Court has personal jurisdiction over the parties to this Action (the Secretary and Defendants), and the

3

Additional Wetanson Parties consent to the Court's exercise of personal jurisdiction. Further, the Court is empowered to provide the relief herein.

## II. CONSIDERATION

A. **Cash Settlement Amount.** Gregor and Herbert Wetanson shall cause to be paid to the Plan a total of $1,000,000 (the "Cash Settlement Amount").

1. The Cash Settlement Amount will be paid on the following schedule: (a) within 60 days of the entry of this Consent Order and Judgment, Gregor and Herbert Wetanson will make an initial payment of $350,000; and (b) beginning 90 days after that initial payment, Gregor and Herbert Wetanson will pay the remaining amount of the Cash Settlement Amount ($650,000) in six quarterly payments the first five totaling of $125,000 and the last totaling $25,000, over a total of 18 months.

2. The Secretary hereby assesses a penalty under 29 U.S.C. § 1132(l), of 20% of the total "applicable recovery amount," which consists of the Cash Settlement Amount. However, the Secretary agrees to reduce the amount of the penalty to 10% of the applicable recovery amount. Therefore, the Secretary agrees to accept, as full satisfaction of the assessed penalty, the payment of $100,000 (the "502(l) Penalty").

3. Defendants waive their right to a separate notice of assessment of the 502(l) Penalty and the service requirement of 29 C.F.R. § 2570.83. Defendants also waive their right to request a waiver or further reduction of the 29 U.S.C. §1132(l) penalty pursuant to 29 U.S.C. § 1132(l)(3) and 29 C.F.R. § 2570.85.

4

4. Within 30 days of completing payment of the Cash Settlement Amount, Gregor and Herbert Wetanson shall pay the 502(l) Penalty at https://www.pay.gov with reference to EBSA case number 99-000007.

5. Within 14 days of the final payment and the 502(l) Penalty described in paragraph II.A, Defendants shall provide to the Secretary proof of payment of the Cash Settlement Amount and 502(l) Penalty. Such proof shall consist of a sworn declaration and will include wire or other funds transfer confirmations. Any proof provided under this paragraph will be emailed to: Seidel.Mark@dol.gov with a copy to the Secretary's counsel, and sent to the Secretary's representative at the following address:

   > Regional Director, New York
   > Employee Benefits Security Administration
   > U.S. Department of Labor
   > 201 Varick St.
   > Room 746
   > New York, NY 10014

6. The Cash Settlement Amount paid to the Plan shall be allocated to participant accounts consistent with the manner in which Discretionary Employer Contributions are allocated pursuant to Section 4.1(b) of the governing plan document.

B. **Reformation of the Transaction: Reduction of Selling Shareholder Debt.** The Parties to the Judgment agree, and the Court hereby orders, that the Transaction's terms are reformed to reduce the amount of the Selling Shareholder Debt by $14,000,000. To effectuate this reduction, the terms of the Plan Seller Notes, and their successor the Refinanced Seller Note, are hereby reformed to reduce the principal owed by the Company by $14,000,000.

5

C.  **Reformation of the Transaction: Cancellation of the Warrants.** The Parties to the Judgment agree, and the Court hereby orders, that the Transaction's terms are reformed such that the Warrants, never having been exercised, are cancelled and void.

## III.  RELEASES

A.  **Release of Defendants and the Additional Wetanson Parties.** Upon entry of this Consent Order and Judgment, the Secretary, and the Secretary's current and former agents, assigns, predecessors and successors in interest, and representatives, acting in their official capacities, do hereby waive, release and forever discharge with prejudice all actions, causes of action, claims, demands, fines (with the exception of the statutory penalty described in Section II.A above), or liabilities, that they brought or sought or could have brought or sought against Defendants and the Additional Wetanson Parties, either individually or together, including (as applicable), the Defendants' and the Additional Wetanson Parties' current and former affiliates, agents, assigns, attorneys, beneficiaries, directors, employees, family members, insurers, officers, parents, predecessors and successors in interest, representatives, stockholders, and trustees, that in any way either directly or indirectly relate to or arise out of the allegations in the Secretary's Complaint or the DOL W BBQ Investigation.

B.  **Release of the Secretary.** Defendants and the Additional Wetanson Parties and (as applicable) their current and former affiliates, agents, assigns, attorneys, beneficiaries, directors, employees, family members, insurers, officers, parents, predecessors and successors in interest, representatives, stockholders, and trustees, hereby release the Secretary and her agents, attorneys, employees, officers, and representatives, both in their individual and official capacities, from all actions, claims, and demands, including those

6

arising under statute, rule or regulation, that in any way relate to or arise out of the allegations in the Secretary's Complaint or the DOL W BBQ Investigation.

## IV. RETENTION OF JURISDICTION

The Court shall maintain jurisdiction over the Parties to the Judgment and subject matter of this Action for the purposes of enforcing and interpreting the terms of this Consent Order and Judgment, including any dispute regarding validity, performance, interpretation, administration, enforcement, enforceability, or termination of the Consent Order and Judgment.

## V. MISCELLANEOUS

A. **No Admission or Denial of Liability.** This Consent Order and Judgment shall not constitute an admission or denial by any Defendant or Additional Wetanson Party of the Secretary's allegations against Defendants in this Action or in or with respect to the DOL W BBQ Investigation. Any payments or agreements made are not admissions or denials of any liability of any kind, whether legal, equitable, or factual and are not admissions or denials of any damages or losses. This Consent Order and Judgment shall not be construed or offered for any purpose to the prejudice of any Defendant or Additional Wetanson Party except for the obligations set forth herein.

B. **Costs and Expenses.** The Secretary and Defendants each shall bear their own costs, expenses, and attorneys' fees in connection with this Action, the DOL W BBQ Investigation, and this Consent Order and Judgment.

C. **Full Resolution.** This Consent Order and Judgment provides full, final, and complete resolution of all causes of action and claims that in any way relate to or arise out of the allegations in the Secretary's Complaint against the Defendants.

D.  **Multiple Originals.** This Consent Order and Judgment may be executed in counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument. The date of execution of this Consent Order and Judgment is the date on which it is signed by this Court.

E.  **Scope.** This Consent Order and Judgment is not binding on any governmental agency other than the U.S. Department of Labor.

### VI.  ENTRY OF JUDGMENT

A.  By entering into this Consent Order and Judgment, the Parties to the Judgment represent that they have read this Consent Order and Judgment, been informed by counsel of the effect and purpose of this Consent Order and Judgment and agree to be bound by its terms.

B.  The Court finds that there is no just reason to delay the entry of this Consent Order and expressly directs the entry thereof as a final Order and Judgment.

**IN WITNESS WHEREOF**, the Parties to the Judgment through their respective duly authorized representatives have executed this Consent Order and Judgment on the date(s) set forth hereunder and agree on the entry of this Consent Order and Judgment by this Court.

Respectfully,

| | |
|---|---|
| */s/ Andrew Karonis* | */s/ Lars C. Golumbic* |
| Andrew Karonis | Groom Law Group, Chartered |
| Susannah R. Kroeber | Lars C. Golumbic* |
| B. Carina De La Paz | William J. Delany* |
| U.S. Department of Labor | Mark C. Nielsen |
| 201 Varick St., Rm 983 | Sarah M. Adams* |
| New York, N.Y., 10014 | Andrew D. Salek-Raham* |
| Tel: (646) 264-3699 | Paul J. Rinefierd* |
| Fax: (646) 264-3660 | Benjamin J. Koenigsfeld* |
| Karonis.andrew@dol.gov | Theodore A. Van Beek* |
| Kroeber.susannah.r@dol.gov | 1701 Pennsylvania Avenue, NW, Suite |

8

Delapaz.barbara.c@dol.gov

*Counsel for Plaintiff*

1200
Washington, D.C. 20006
Tel: 202-857-0620
Fax: 202-659-4503
lgolumbic@groom.com
wdelany@groom.com
mnielsen@groom.com
sadams@groom.com
asalek-raham@groom.com
prinefierd@groom.com
bkoenigsfeld@groom.com
tvanbeek@groom.com

*\*appearing pro hac vice*

*Counsel for Argent Trust Company, Herbert Wetanson, Gregor Wetanson, Stuart Wetanson, the Herbert Wetanson 2015 Gift Trust and its trustees, the BBQ Trust and its trustees, and the Gregor Wetanson 2015 Gift Trust and its trustees*

**IT IS SO ORDERED** this 17th day of February 2026.

_____
Denise L. Cote
United States District Court
Southern District of New York

9